NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN TIMOTEO LOPEZ NICOLAS; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-4280 <br><br> Agency Nos. <br> A206-307-753 <br> A208-930-228 <br> A208-930-229 <br> A208-615-610 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2025**

Before:    CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Edwin Timoteo Lopez Nicolas and his family,[1] natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]       The clerk will amend the docket to add petitioner M.D.L.F., A208-615-610, consistent with the final removal order in the certified administrative record.

denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

We do not disturb the agency's determination that petitioners failed to show they suffered harm that rose to the level of persecution. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003) (unspecified threats were insufficient to rise to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Substantial evidence supports the agency's conclusion that petitioners failed to establish a reasonable possibility of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, petitioners' asylum claims fail.

Because petitioners failed to establish eligibility for asylum, they failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021).

24-4280

We do not address petitioners' contentions as to the cognizability of their proposed particular social groups or whether they established a nexus to a protected ground because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.") (citation and internal quotation marks omitted)).

The BIA did not err in its conclusion that petitioners waived any challenge to the IJ's denial of their CAT claims. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination).

**PETITION FOR REVIEW DENIED.**